ASSOCIATED ARTISTS, Respondent, vs. CLEMENT and others, Appellants.

SAME, Appellant, vs. SAME, Respondents.

*March 18—April 5, 1910.*

*Sales: Commissions: Evidence: Agency: Contracts: Performance: Interest.*

1. A finding of the trial court that certain goods were sold by the defendants directly to the purchaser, and were not sold for defendants by plaintiff so as to entitle plaintiff to commissions under a trade agreement, is sustained by the evidence.

2. A finding that plaintiff is entitled to a certain sum as its reasonable charge, agreed to and approved by an authorized employee of defendants, for sketches prepared by plaintiff to be used by defendants and to remain the property of plaintiff, is sustained by the evidence.

3. Where a contract for certain work was performed by plaintiff prior to the time fixed therein except as to one item, and as to that the work, being unsatisfactory, was by agreement redone at plaintiff's expense some months later, the performance was not completed until the later date, and plaintiff is entitled to interest on the contract price from such later date only.

APPEALS from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Modified and affirmed.*

This is an action for an accounting concerning transactions between the parties from August 1, 1905, to January 1, 1907. Both parties appeal from the judgment. In the interim between the time when the transactions occurred and the bringing of the action one of the members of the defend-

ant partnership died, but his interest in the business is held by his representative. The plaintiff is a corporation whose place of business is located in Milwaukee, and is engaged in interior decorating and finishing and in furnishing draperies, curtains, and hangings for such work. The defendants do a similar business in Milwaukee and also sell rugs and household furniture. The parties had a trade agreement, by the terms of which each was allowed a trade discount of ten per cent. from the regular price at which work was done or materials furnished ordinarily to their customers, and a commission of ten per cent. of the amount paid by a customer to the party with whom he dealt, when such customer was procured by the other party. For some work and some materials no commission or discount was allowed, and when such were furnished they were to be charged as net. The trial court made findings and a statement of the account between the parties and awarded plaintiff judgment for $1,049.13 as the amount due it on account and $151.93 as costs and disbursements.

On the defendants' appeal exception is taken to an allowance of interest to the plaintiff by the trial court upon the so-called Thompson account. On August 4, 1905, the plaintiff agreed with the defendants, in writing, to furnish certain materials and to do certain painting and decorating for the interior of the house of one A. E. Thompson at Oshkosh, Wisconsin. The contract price was $950 and the work was to be finished by December 1, 1905. The work done under the contract was not entirely satisfactory to the Thompsons, and by mutual agreement of the plaintiff, the defendants, and Thompson the defendants undertook on July 18, 1906, to refinish part of the library in the Thompson residence at plaintiff's expense. This work was completed about August 1, 1906. The trial court allowed $78 as the cost of this refinishing. The court allowed plaintiff interest from December 1, 1905, to May 15, 1906, upon $950, the original

contract price.   Defendants object to the allowance of this interest.

The defendants also object to the allowance of the sum of $210.50 which the trial court found was a reasonable charge for the making of four sketches for decorating and furnishing the house of one Arthur Robinson of Racine, Wisconsin. The sketches were prepared by the plaintiff under an agreement which it made with the defendants through an employee of the defendants. By the terms of this agreement the defendants were to pay for the cost of preparing the sketches and to have the use of them in negotiating with and doing the work for Robinson, but the plaintiff was to retain title to the sketches.   There was evidence upon the trial that the sum claimed was a reasonable and fair price for preparing the sketches.   The defendants claim that the employee who made the agreement was not authorized to do so; that under the general custom of the business the sketches would belong to them; that the plaintiff retains them and claims ownership; and that plaintiff is on this account not entitled to any allowance therefor.

The plaintiff appeals from the judgment of the trial court as to some of the items of the so-called MacDonald claim. On October 18, 1905, the plaintiff obtained a contract to paint and decorate the residence of Norman MacDonald at Calumet, Michigan.   During the month of October, 1905, the plaintiff obtained from the defendants samples of draperies and hangings and the prices thereof.   The samples were examined by the MacDonalds, and on January 29, 1906, the plaintiff furnished to the defendants a list of the goods wanted for the MacDonald residence.   The articles were prepared by the defendants, and in April, 1906, when the MacDonalds came to Milwaukee, they were taken by a representative of the plaintiff to the place of business of the defendants.   They examined the articles prepared for them, rejected a few of them, and ordered other goods.   They agreed

to and afterwards did pay $1,472.50 to the defendants for these goods. Plaintiff claims that it sold the MacDonalds this bill of goods at an agreed price, and that the subsequent changes as to certain items did not make it a sale by the defendants. Plaintiff claims to be entitled to the difference between the price made by the defendants in October, 1905, for this bill of goods and the sum collected by the defendants from MacDonald therefor. The trial court allowed plaintiff a ten per cent. commission on this bill of goods and rejected the claim for $345.25, which was the difference between the sum paid by MacDonald and what the defendants agreed to charge plaintiff for this bill of goods.

Other objections which were made to the findings of the trial court and the judgment are not pressed or argued upon these appeals.

For the plaintiff there were briefs by *Olwell & Drought,* and oral argument by *L. A. Olwell.*

For the defendants the cause was submitted on the briefs of *O'Connor, Schmitz & Wild.*

SIEBECKER, J. On plaintiff's appeal it is contended that the court erred in not allowing it a credit of $345.25 on the MacDonald transaction. The evidence as to this item is not free from dispute. There is dispute in the evidence between the plaintiff's representative and the defendants as to whether this bill of goods was sold by the plaintiff to MacDonald before the MacDonalds visited defendants' store in April, or whether the sale was then consummated by the defendants at their store in Milwaukee. The trial court found that the bill of goods was sold by the defendants to the MacDonalds when they were in Milwaukee, and the following facts lead to this conclusion: They were not included in the plaintiff's agreement for decorating, though the plaintiff claims the goods were theretofore ordered by them for the MacDonald residence, and the defendants' books contain no

entry of a purchase of the goods by the plaintiff, but they are charged on the books to MacDonald after he visited the defendants' store in April, 1906. The items and prices were agreed upon by the defendants and the MacDonalds in April, 1906, and thereafter bills were presented by the defendants to MacDonald and paid to them by him. Plaintiff at no time obtained a statement for the goods from the defendants, and the plaintiff did not present any to MacDonald. The court's finding is furthermore supported by the direct evidence of the defendants, to the effect that they sold the goods to MacDonald; that the MacDonalds in fact negotiated with the defendants at their store; that they subsequently received a bill from the defendants, and, as purchasers from the defendants, made payment thereof; and that the MacDonalds wholly disregarded the plaintiff in the transaction after they were at the defendants' store. In the light of these facts and in view of the conduct of all of the parties respecting the transaction we cannot say that the court's finding is against the clear preponderance of the evidence. It must stand undisturbed.

Defendants' contention respecting the allowance of $210.50 for sketches and drawings prepared by the plaintiff at defendants' request for use in connection with the work on the Robinson residence is not sustained. The proof satisfactorily shows that the defendants' representative ordered these sketches and that they were accepted by them. There is evidence that the plaintiff presented the defendants with a bill for this work, with its charges therefor, and that they were approved by one Stocking, who had charge of this matter for the defendants. In addition to the evidence of such approval of the amount of these bills, there is evidence of witnesses to the effect that the amount allowed by the court was reasonable and proper. This evidence sufficiently supports this finding of the court, and we cannot reject the trial court's conclusion as to this item.

The defendants furthermore contend that the court erred in allowing plaintiff interest from December 1, 1905, on $950, the contract price for work done in the Thompson residence. The court found that in August, 1905, the plaintiff agreed with the defendants to do interior work in the Thompson residence at an agreed price of $950, and that "the plaintiff without delay performed said contract as it by its terms required prior to December 1, 1905, except as to the finishing of the woodwork in the library of said house, which was redone at plaintiff's cost." It appeared that the plaintiff agreed with the defendants on July 18, 1906, that the defendants should finish this library at plaintiff's expense, and that pursuant thereto they refinished it at a cost of $78, which was to be charged to the plaintiff as of July 18, 1906. From this it seems clear that the Thompson contract was not completed by December 1, 1905, but that it was in fact completed after July 18, 1906. This manifestly precluded plaintiff from recovering interest on the amount of this contract from December 1, 1905. We think that the defendants' claim that the plaintiff is entitled to interest on the balance due on the Thompson contract, to wit, $872, from the time of its completion, is correct, and that the interest thereon from December 1, 1905, to August 1, 1906, amounting to $38, with interest on it to the date of the judgment, amounting in all to $43.32, was erroneously allowed and should be deducted, and that the judgment should be so modified.

*By the Court.*—The judgment herein is modified by deducting the sum of $43.32 from the sum allowed as damages to the plaintiff, so that plaintiff shall have judgment for $1,157.74, and as so modified the judgment is affirmed, the defendants to recover one bill of costs and to be allowed to tax forty pages for the printing of their case.